# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0094, <u>Josh Yokela v. Governor, State of New Hampshire</u>, the court on June 5, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The plaintiff, Josh Yokela, appeals an order of the Superior Court (<u>Kissinger</u>, J.), dismissing, for failure to state a claim upon which relief may be granted, his complaint against the Governor of the State of New Hampshire in which he seeks to enjoin and declare unconstitutional a June 2022 executive order. The plaintiff argues that the Governor lacked authority to issue the executive order, and that the executive order violates the separation of powers doctrine and certain provisions of RSA chapter 237. We affirm.

In reviewing the dismissal of the plaintiff's complaint, we determine whether the factual allegations in the complaint are reasonably susceptible of a construction that would permit recovery. <u>See</u> <u>Boyle v. Dwyer</u>, 172 N.H. 548, 553 (2019). We assume the well-pleaded factual allegations in the complaint to be true and construe all reasonable inferences from them in the light most favorable to the plaintiff. <u>See</u> <u>id</u>. We also consider documents attached to the complaint, documents the authenticity of which the parties do not dispute, official public records, and documents sufficiently referred to in the complaint. <u>See</u> <u>id</u>. We do not, however, assume that statements in the complaint that are merely conclusions of law are true. <u>See</u> <u>id</u>. We then engage in a threshold inquiry that tests the well-pleaded facts against the applicable law, and if the allegations do not constitute a basis for legal relief, we will uphold the dismissal of the complaint. <u>See</u> <u>id</u>.

Under the New Hampshire Constitution, the Governor is the "supreme executive magistrate," in whom "[t]he executive power of the state is vested," and who is tasked with "the faithful execution of" New Hampshire law. N.H. CONST. pt. II, art. 41. We generally presume that the Governor was acting within the scope of his or her constitutional authority when issuing an executive order unless it is demonstrated inescapably that the Governor exceeded his or her constitutional authority. <u>See</u> <u>Opinion of the Justices</u>, 118 N.H. 582, 584, 589 (1978). The Separation of Powers Clause "is violated only when one branch [of government] usurps an essential power of another." <u>N.H. Health Care Assoc. v. Governor</u>, 161 N.H. 378, 386 (2011) (quotation omitted).

The challenged executive order directs toll booth attendants to allow any funeral procession to pass through the cash toll lanes on New Hampshire's turnpikes without collecting a toll from funeral goers. The plaintiff, a member of the New Hampshire legislature, filed the present action asserting that the legislature had recently rejected legislation that would have exempted participants in funeral processions to the veterans cemetery in Boscawen from paying tolls, and seeking a declaratory judgment that the executive order violates the separation of powers doctrine and various statutes and provisions of the New Hampshire Constitution, and an injunction against its enforcement. In dismissing the case, the trial court observed, in part, that RSA 237:5, II(d) (2009) specifically authorizes the commissioner of the Department of Transportation (DOT) to "[p]ermit toll free use of certain sections of the [New Hampshire turnpike] system if it is for the public good."

The commissioner of the DOT is an officer appointed by the Governor with the consent of the Executive Council, RSA 21-L:3, I (2020), who is tasked with "[r]epresent[ing] the public interest in the administration of the functions of the" DOT, and is "responsible to the governor, the general court, and the public for such administration," RSA 21-L:4, I (2020). The commissioner is specifically charged with "operat[ing] and maintaining the New Hampshire turnpike system," and in so doing, is authorized to "[p]ermit toll free use of certain sections of the system if it is for the public good." RSA 237:5, II(d); see also RSA 237:17, IV (Supp. 2023), :34, IV (2009) (providing same authority with respect to the commissioner's operation and maintenance of the Eastern New Hampshire Turnpike and Central New Hampshire Turnpike). Here, the executive order, in effect, directed the commissioner to exercise the authority under RSA 237:5, II(d) to allow funeral goers temporary toll-free use of sections of the turnpike system for the public good. We conclude that the Governor did not usurp an essential power of the legislature or inescapably exceed his constitutional authority by issuing the executive order. See N.H. Health Care Assoc., 161 N.H. at 386; Opinion of the Justices, 118 N.H. at 584, 589. Nor are we persuaded that the executive order violated any other provision of law.

Affirmed.

Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**